PER CURIAM.
In order to alleviate a crisis in record storage in several judicial circuits, Richard P. Brinker, clerk of the Eleventh Circuit and Dade County courts, has proposed changes to the Florida Rules of Civil Procedure to provide for disposal of depositions in civil matters. At Mr. Brinker’s request the Court has considered the proposals. The proposals take the form of a new rule for disposal of depositions and an amendment to the current rule for disposal of exhibits which will permit depositions proffered or admitted into evidence to be de *1294 stroyed in conformance with the existing rule. Additional amendments to the current rule on disposal of exhibits, conforming it to the proposed new rule with regard to notice and the requirement of consent of the State Division of Archives, History and Records Management, are also proposed.
The proposed new rule is as follows: Rule 1.450(f). Disposal of Depositions by Clerk.
(1) Depositions Proffered or Admitted in Evidence. Depositions proffered or admitted in evidence shall be subject to disposal under the provisions of Rule 1.450(d).
(2) Unused Depositions. Depositions not proffered or admitted in evidence in a case shall be retained by the clerk until three months after judgment therein becomes final. Thereafter, the clerk, provided the written consent of the Division of Archives, History and Records Management of the Department of State, has been obtained in compliance with section 119.041, Florida Statutes, may destroy or dispose of such unused depositions after giving the parties or their attorneys 10 days’ notice of his intention to do so. The notice may be given by publication in a newspaper qualified for legal advertising and notices under section 50.031, Florida Statutes. Such depositions may be withdrawn by the appropriate party or attorney calling for them during the 10 days.
The proposed amendments to rule 1.450(d), Florida Rules of Civil Procedure, are the additions indicated below by underscoring:
(d) Disposal. The clerk shall retain exhibits introduced in evidence or marked for identification until one year after a judgment becomes final. The court may permit a party to withdraw any exhibit at any time. If an exhibit is not withdrawn within the year, the clerk, provided the written consent of the Division of Archives. History and Records Management of the Department of State, has been obtained in compliance with section 119.041. Florida Statutes, shall destroy or dispose of the exhibits after giving the parties or their attorneys 10 days’ notice of his intention to do so. The notice may be given bv publication in a newspaper qualified for legal advertising and notices under section 50.031. Florida Statutes. Exhibits shall be delivered to the appropriate party or attorney calling for them during the 10 days. Transcripts of testimony, other than depositions, are not subject to this subdivision and shall not be destroyed.
The above proposed rule and proposed amendments are hereby promulgated. Art. V, § 2, Fla.Const. The clerk of the Supreme Court is directed to notify all interested parties of this proceeding. Responses received on or before June 1, 1979 will be considered by the Court. Absent further action by the Court, the proposed rule and amendments are adopted effective 12:01 A.M., July 2, 1979.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.